IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL McRAE,

    Plaintiff,

v.

TIMOTHY S. STEWART,
HAS J. HAMILTON-RUMER,
RN PAMELA McCORMICK,

    Defendants.

Civil Action No.: PJM-19-0057

## MEMORANDUM OPINION

Pending in the above-entitled civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. ECF 15. Plaintiff Daniel McRae opposes the motion. ECF 17. No hearing is necessary to determine the matters pending before this Court. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set-forth below, Defendants' motion, construed as a Motion to Dismiss, shall be granted.

### Background

Plaintiff is a prisoner committed to the custody of the Federal Bureau of Prisons and confined to Federal Correctional Institution Cumberland ("FCI Cumberland"). He filed this complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) seeking $500,000 in damages in connection with the alleged administration of an unwanted blood test to detect the human immunodeficiency virus ("HIV") by Defendant Pamela McCormick, who is a commissioned employees of the United States Public Health Service. ECF 1 at 6; ECF 17 at 1.

According to Plaintiff he was "forced to take an HIV test" after a reactive tuberculosis test he was given measured "5 mm." ECF 1 at 6; ECF 5 at 2. He states "the threshold is 10 mm; therefore, my reading was not negative." *Id.* Plaintiff signed an "HIV refusal form" filled out be a different nurse who is not a party to this lawsuit. *Id.*

Despite explaining to both McCormick and Defendant Hamilton Rumer that he had signed a refusal form in the presence of a registered nurse and that he does not have HIV nor any other illness that might lead to it, McCormick told him he had to take the test anyway. ECF 1 at 7; ECF 5 at 2. Plaintiff claims this statement by McCormick amounted to "intimidation." *Id.* Plaintiff argues that McCormick "abused her authority" over him by telling him he had to take the test, resulting in a violation of his Fourteenth Amendment rights. *Id.* He states he was "in fear that she was going to force discipline on me or send me to the Special Housing Unit" if he did not take the HIV test. *Id.* In addition, Plaintiff claims that forcing him to take the HIV test amounted to "deliberate indifference" as it "caused mental anguish upon [him] as [he] was worried of what she would do as a staff person." *Id.* at 8.

## Standard of Review

Defendants rely on both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to support their assertion that the complaint must be dismissed. ECF 15. Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the

2

allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; accord *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*,

534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

### A. Claims against Defendants Hamilton-Rumer and McCormick

It is undisputed that Hamilton-Rumer and McCormick are commissioned employees of the United States Public Health Service. While Plaintiff disputes whether these defendants are entitled to the absolute immunity they assert in defense of his lawsuit, that "dispute" is inconsequential. Under 42 U.S.C. § 233(a), civil actions or proceedings against commissioned employees of the

4

Public Health Service may only be maintained pursuant to the Federal Tort Claims Act ("FTCA").[1] *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (holding 42 U.S.C. § 233(a) grants absolute immunity to Public Health Service officers and employees for actions arising out of the performance of medical and related functions in the scope of their employment). Here, Plaintiff's claim against both Hamilton-Rumer and McCormick for monetary damages must be dismissed for lack of jurisdiction. *See Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976) (filing an administrative claim as required by the FTCA is jurisdictional and may not be waived). Thus, even if the liberal construction required for self-represented complaints is applied to this case, there is no legal basis for this Court's jurisdiction over the claim asserted against Hamilton-Rumer and McCormick.

**B.  Claim against Warden Timothy Stewart**

The complaint does not include any direct allegations against Warden Stewart. ECF 1. Plaintiff asserts in his Opposition Response that he named Warden Stewart because he is the highest ranking official at FCI Cumberland and in that capacity he is liable for the alleged misconduct that took place. ECF 17 at 3. The theory of liability asserted by Plaintiff is based on the doctrine of *respondeat superior* which does not apply in a *Bivens* suit. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Liability of supervisory officials, such as Warden Stewart, is "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.

---

[1]  Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994).

5

1984)). Such liability must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994).

The complaint as supplemented (ECF 1; ECF 5) contains no allegations that Warden Stewart was involved in any way in the exchange between Plaintiff and McCormick that led to the objectionable HIV test. In his Opposition Response, Plaintiff relies on Stewart's signature on a grievance response that denies any wrong-doing by Hamilton-Rumer and McCormick as a basis for Stewart's liability. ECF 17 at 3. Denying Plaintiff's grievance, however, is not enough to establish Stewart's personal participation in any alleged wrong-doing. Without subjective knowledge, a prison official is not liable. *Farmer v. Brennan,* 511 U.S. 825, 846 (1994); *see Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998), *see also Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (allegation that warden "rubber stamped" grievances was not enough to establish personal participation) citing *Whitington v. Ortiz,* 307 Fed, Appx. 179, 193 (10th Cir.2009) (unpublished) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations."). The complaint fails to state a claim on which relief may be granted against Warden Stewart and must be dismissed.

## Conclusion

The complaint as to Defendants Hamilton-Rumer and McCormick shall be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and shall be dismissed

as to Defendant Stewart pursuant to Rule 12(b)(6) for failure to state a claim. As a prisoner, Plaintiff is subject to the requirements of the Prison Litigation Reform Act (PLRA). Specifically, when a complaint filed by a prisoner is dismissed in its entirety it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated[2] in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). Because this complaint is being dismissed in its entirety, a "strike" will be issued against Plaintiff.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

A separate Order follows.

4/2/20
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] The enumerated grounds are "dismissal on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).